UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON DANTE HARRIS, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>USA, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00007-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 17)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Devon Dante Harris, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this action.  Plaintiff filed the complaint commencing this action on October 28, 2019.  (ECF No. 1).  On June 2, 2020, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims.  (ECF No. 11).  The Court gave Plaintiff thirty days to either "(a) File a first amended complaint attempting to cure the deficiencies identified in [the screening] order; or (b) Notify the Court in writing that he wishes to stand by the complaint as written, in which case the undersigned will issue findings and recommendation to the assigned district judge consistent with this order."  (Id. at 12).

　　　　On November 4, 2020, Plaintiff filed his First Amended Complaint.  (ECF No. 17).  The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order will recommend that this action be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

## II.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's complaint is 221 pages, lists numerous claims, lists numerous defendants, contains numerous arguments, and contains numerous citations to legal standards.

As with Plaintiff's previous complaint, the gravamen of Plaintiff's First Amended Complaint appears to be that he was confined in prison longer than he was supposed to be due to an order issued by District Court Judge Lawrence J. O'Neill, which was reversed on appeal. Among others, Plaintiff appears to blame Judge O'Neill and a probation officer, Jiar C. Hill.

As stated in an order attached to Plaintiff's complaint, the Ninth Circuit vacated the second amended judgment in Plaintiff's criminal case because "the district judge lacked jurisdiction to alter Harris's sentence after the expiration of the 14-day deadline provided for in Rule 35(a) of the Federal Rules of Criminal Procedure." (ECF No. 17, p. 152). The Ninth Circuit directed that on "remand, the district court shall enter a new judgment reflecting the six-month custodial term imposed at Harris's original March 27, 2017, sentencing, but excluding the 27-month term of supervised release that was included in the March 28, 2017, written judgment but not orally pronounced." (Id.).

Based on the record in Plaintiff's criminal case, USA v. Harris, E.D. Cal, 1:15-cr-00140, it appears that in the third amended judgment Plaintiff was sentenced to six months in custody instead of eighteen months. See USA v. Harris, ECF No. 107.

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Federal Rule of Civil Procedure 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant

personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's First Amended Complaint is not a short and plain statement of his claims. The complaint is 221 pages. While some of these 221 pages are exhibits, the exhibits are scattered throughout the complaint. (See, e.g., ECF No. 17, pgs. 148-155; ECF No. 17, pgs. 217-220).

The gravamen of Plaintiff's First Amended Complaint appears to be that he was confined in prison longer than he was supposed to be due to an order issued by Judge O'Neill. Plaintiff appears to allege that in a hearing on April 17, 2017, Judge O'Neill wrongfully issued an order mandating that Plaintiff be imprisoned for eighteen months. Judge O'Neill's actions caused Plaintiff to wrongfully spend 247 days in federal prison. However, Plaintiff's complaint also includes numerous other claims and defendants, and the facts underlying each claim against each defendant are not at all clear. It appears that in numerous claims, Plaintiff fails to include factual allegations as to each defendant's conduct, and many of the factual allegations he does include are conclusory.

Finally, Plaintiff's complaint includes numerous arguments and irrelevant citations to legal standards.

Thus, Plaintiff's complaint does not give fair notice to the defendants to enable them to defend themselves effectively. Additionally, it is verbose, confusing, conclusory, argumentative, prolix, replete with redundancy, and largely irrelevant. Accordingly, Plaintiff's complaint should be dismissed for failing to comply with Rule 8(a).

**B. Judicial Immunity**

Moreover, the gravamen of Plaintiff's First Amended Complaint appears to be that he

was confined longer than he was supposed to be due to an order issued by Judge O'Neill, and the defendants allegedly responsible for this appear to be entitled to immunity.

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley, 80 U.S. at 351).

There is a "distinction between lack of jurisdiction and excess of jurisdiction," Stump, 435 U.S. at 357 n.7, as illustrated by the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n.7 (citing Bradley, 80 U.S. at 352).

Here, the Ninth Circuit vacated the second amended judgment in Plaintiff's criminal case because "the district judge lacked jurisdiction to alter Harris's sentence after the expiration of the 14-day deadline provided for in Rule 35(a) of the Federal Rules of Criminal Procedure." (ECF No. 17, p. 152). District Judge O'Neill only acted in excess of jurisdiction and thus, is absolutely immune. See Stump, 435 U.S. at 356-57, 357 n.7. Accordingly, to the extent that Plaintiff's various claims for damages are based on the acts of Judge O'Neill, Plaintiff is not entitled to relief. See Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (Judicial "immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" (quoting Bradley, 80 U.S. (13 Wall.) at 347)); Pierson, 386 U.S. at 554 ("It is a judge's duty to decide all cases within his jurisdiction that are brought before him…. His errors may be corrected on appeal, but he should not have to fear that

unsatisfied litigants may hound him with litigation charging malice or corruption").

Plaintiff also alleges, in a conclusory fashion, that defendant Hill, a probation officer, sent Plaintiff "to prison because of plaintiff[']s protected mental health disabity [sic], and defendant[']s perception of Plaintiff being a[n] unhelpable drug addict." (ECF No. 17, p. 5). There are numerous issues with these allegations, one of which is that Plaintiff does not appear to sufficiently connect defendant Hill to the violations alleged in the complaint. A second issue is that Plaintiff appears to be suing defendant Hill for his recommendations to Judge O'Neill, and if he is, defendant Hill is entitled to immunity. "[I]mmunity extends to all persons whose functions are closely associated with the judicial process. *See e.g.*, *Burns v. Reed*, 500 U.S. 478 (1991). Probation officers serve a function integral to the judicial process, and as such, are entitled to quasi-judicial immunity. *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970), *see also Demoran v. Witt*, 781 F.2d 155 (9th Cir. 1985) (absolute immunity for probation officers)." Trujillo v. Kiefer, 2020 WL 4596764, at *2 (S.D. Cal. Aug. 11, 2020). See also Ballard v. Wong, 2016 WL 1359928, at *4 (E.D. Cal. Apr. 6, 2016) ("[P]robation officers are generally protected by quasi-judicial immunity for actions undertaken in their role as probation officers.").

**IV.     CONCLUSION AND RECOMMENDATIONS**

The Court recommends that this action should be dismissed without granting Plaintiff further leave to amend. The Court previously provided Plaintiff with an opportunity to amend his complaint with the benefit of the relevant legal standards, and Plaintiff filed his First Amended Complaint with the guidance of those legal standards. Moreover, the gravamen of Plaintiff's First Amended Complaint appears to be that he was confined in prison longer than he was supposed to be due to an order issued by Judge O'Neill, and the defendants responsible for this appear to be entitled to immunity. Thus, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

   1. This action be dismissed; and
   2. The Clerk of Court be directed to close this case.

1  These findings and recommendations will be submitted to the United States district
2  judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
3  twenty-one (21) days after being served with these findings and recommendations, Plaintiff
4  may file written objections with the Court.  The document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
6  objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.
7  Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394
8  (9th Cir. 1991)).

9  Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district
10 judge to this case.

IT IS SO ORDERED.

Dated:   **November 16, 2020**         /s/ *Erica P. Grosjean*
                                       UNITED STATES MAGISTRATE JUDGE